## CIRCUIT COURT OF THE CITY OF RICHMOND

Peggy B. Whitson Solt

v.

Commonwealth of Virginia

March 24, 1988

Case No. LL-2135-1

By JUDGE MELVIN R. HUGHES, JR.

This matter comes before the Court on the Commonwealth's Motion To Dismiss on the ground that the Plaintiff failed to comply with the notice requirements of the Virginia Tort Claims Act, Va. Code § 8.01-195.1, *et seq.*

This is a case in which the plaintiff, a mother suing in her own right, claims damages for past and future medical expenses arising from what she alleges were negligent health care services rendered by employees of Medical College of Virginia Hospital, an agency of the Commonwealth of Virginia.

The plaintiff's infant daughter was alleged to have been admitted to MCV on or about September 10, 1982, and treated until April 3, 1983. The care and treatment complained of was rendered on or about December 30, 1982. Plaintiff claims that notice of her claim was given to the administrator of the Medical College of Virginia Hospital on September 27, 1984, and a Notice of Claim was mailed to the Attorney General of Virginia on July 2, 1986. Plaintiff claims that these notices meet the criteria of, and comply with, § 8.01-195.6 of the Code of Virginia.

Defendant argues that § 8.01-195.7 bars the claim,

as the notice required in § 8.01-195.6 was not given within one year after the cause of action accrued.

The Court is of opinion that the Motion To Dismiss should be sustained. The cause of action arose at the very latest upon the plaintiff's daughter's release from the hospital on April 3, 1983. The cause of action sounds in tort, and tort claims against the Commonwealth may be asserted only in conformity with the Virginia Tort Claims Act, Article 18.1 of Title 8.01 of the Code of Virginia, § 8.01-195.1, *et seq.* Unlike claims against other entities, tort claims against the Commonwealth are totally defendant upon the legislature's grant of authority to assert such claims. Plaintiff's assertion of denial of equal protection is misplaced in that this defendant is not in the same category as other categories of defendants; i.e., absent statute, there is absolutely no basis for a tort claim against the Commonwealth. Inasmuch as the right to sue this defendant is a legislative prerogative, the legislature can circumscribe that right to the extent it deems appropriate.

To impose the notice provisions and bar the action for failure to comply with those provisions is not a denial of equal protection of the law as the Commonwealth is not situated like other defendants.

As the earliest notice (assuming without deciding its adequacy) was filed more than one year after the accrual of the cause of action, § 8.01-195.7, imposes a bar to this action.

The Court need not reach the issue whether the tolling provisions added by the legislature to §§ 8.01-195.6 and 8.01-195.7 in 1984 were applicable, as there is no factual basis before the court to determine that the plaintiff is under any disability. This is a cause of action asserted by an adult parent and nothing raises any question of this parent's disability.